UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** CV 15-02611 SJO (VBKx) | **DATE:** February 8, 2016 |
| **TITLE:** HeadBlade, Inc. v. Products Unlimited, LLC d/b/a Cobra Razors | |

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                           Not Present
Courtroom Clerk                                            Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**            **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                                Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT PRODUCT UNLIMITED'S ANSWER** [Docket No. 37]

This matter is before the Court on Plaintiff HeadBlade, Inc.'s ("Plaintiff" or "HeadBlade") Motion to Strike Defendant Products Unlimited's Answer ("Motion"), filed January 21, 2016. Defendant Products Unlimited, LLC d/b/a Cobra Razors ("Defendant" or "Products Unlimited") has not opposed the Motion within the time period prescribed Local Rule 7-9. *See* L.R. 7-9. The Court finds this matter suitable for disposition without oral argument and vacates the hearing set for February 22, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On April 8, 2015, Plaintiff filed a Complaint against Defendant alleging that Defendant's razor products infringe U.S. Patent Nos. 6,018,877 and 6,112,421, both of which are owned by Plaintiff. (Compl., ECF No. 1.) On May 18, 2015, Plaintiff filed a Request for Entry of Default, and the Clerk of Court entered default against Defendant on May 19, 2015. (Req. for Entry of Default, ECF No. 12; Default by Clerk, ECF No. 15.) After the Court issued a minute order requiring Plaintiff to show cause why the action should not be dismissed for lack of prosecution, Defendant filed a Motion to Set Aside Default on June 24, 2015 in which it asked the Court to vacate the Clerk's entry of default due to excusable neglect. (Minute Order, ECF No. 16; Mot. to Set Aside Entry of Default, ECF No. 17.) The Court granted the Motion to Set Aside Default on July 16, 2015 and ordered Defendant to file a responsive pleading within two weeks of the issuance of the order. (Order Granting Def. Product Unlimited, LLC's Appl. to Set Aside Default, ECF No. 25.) Defendant filed an Answer on July 30, 2015, and a scheduling conference was set for September 21, 2015. (Answer, ECF No. 26; Order Setting Scheduling Conference, ECF No. 28.)

At the scheduling conference, the Court ordered that the parties comply with, in relevant part, the following schedule:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**CASE NO.:** CV 15-02611 SJO (VBKx)   **DATE:** February 8, 2016

| Event | Deadline |
|---|---|
| Disclosure of Infringement Contentions | October 5, 2015 |
| Disclosure of Invalidity Contentions | November 9, 2015 |
| Exchange of Claim Terms for Construction | December 7, 2015 |
| Meet and confer to discuss claim terms and phrases | December 11, 2015 |
| Exchange of preliminary claim constructions | December 21, 2015 |
| Joint claim construction chart and prehearing statement | January 11, 2016 |
| Close of Claim Construction Discovery | January 25, 2016 |
| Simultaneous Claim Construction Briefs Due | February 1, 2016 |
| Simultaneous Claim Construction Oppositions Due | February 15, 2016 |
| Claim Construction Hearing | March 7, 2016 |

(Minutes of Scheduling Conference, ECF No. 31.)

On November 13, 2015, Defendant's law firm, Kushner Carlson, PC, filed a Motion to Withdraw as Counsel for Defendant Products Unlimited LLC dba Cobra Razors Under Local Rule 83-2.9.2 ("Motion to Withdraw"). (Mot. to Withdraw, ECF No. 32.) In the Motion to Withdraw, Kushner Carlson alleged that Defendant failed to pay costs and fees and failed to cooperate with counsel, thereby making it impossible for Kushner Carlson to remain as counsel of record. (*See generally* Mot. to Withdraw.) The Court, having determined that good cause existed to permit Kushner Carlson to withdraw as counsel and also that Kushner Carlson had provided adequate notice of the consequences of withdrawal to Defendant, granted the Motion to Withdraw on November 30, 2015. (Order Granting Kushner Carlson, PC's Mot. to Withdraw, ECF No. 34.)

On December 18, 2015, Plaintiff filed a Motion to Continue Court's Schedule and for Entry of Order Requiring Defendant to Find Counsel ("Motion to Continue"). (Mot. to Continue, ECF No. 35.) On December 22, 2015, the Court granted in part and denied in part Plaintiff's motion, modifying the scheduling conference and instructing Plaintiff that it could file a motion to strike Defendant's Answer within 30 days of the issuance of the order. (Order Granting in Part and Denying in Part Pl.'s Mot. to Continue, ECF No. 36.) In pertinent part, the Court extended the deadline for Defendant to disclose its invalidity contentions to January 14, 2016. (Order Granting in Part and Denying in Part Pl.'s Mot. to Continue 4.)

///
///
///

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** <u>CV 15-02611 SJO (VBKx)</u> | **DATE:** <u>February 8, 2016</u> |

## II. DISCUSSION

In the Motion, Plaintiff asks the Court to strike Defendant's Answer so that it can proceed in moving for the entry of default judgment. (Mot., ECF No. 37.) Plaintiff states in the Motion that it attempted to meet and confer directly with Defendant in December 2015 pursuant to Local Rule 7-3 to request information about Defendant's counsel, but that Defendant has not responded to any of Plaintiff's attempts to communicate. (Mot. 2.) Plaintiff thus argues that good cause exists to strike the Answer, as Defendant "remains a recalcitrant litigant as it continues to refuse to retain counsel and to ignore Court mandated deadlines." (Mot. 4.)

### A. Legal Standard

Rule 37(b) of the Federal Rules of Civil Procedure "authorizes courts to employ various sanctions, including 'striking out pleadings or parts thereof . . . or rendering a judgment by default . . . when 'a party . . . fails to obey an order to permit or provide discovery, including an order made under subdivision (a) of this rule." *Sec. & Exch. Comm'n v. Seabord Corp.*, 666 F.2d 414, 416 (9th Cir. 1982) (internal citations omitted) (quoting Fed. R. Civ. P. 37(b)(2)). Indeed, "[c]ourts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987).

Pursuant to Local Rule 83-2.2.2, "[o]nly individuals may reprsent themselves *pro se*." L.R. 83-2.2.2. Consequently, "[n]o organization or entity of any other kind (including corporations, limited liability corporations, parternerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1." *Id.*

### B. Conclusion

The Court finds that Defendant, a limited liability company, is not represented by counsel and has failed to defend itself in the instant action. The Court further finds that Defendant has failed to comply with the Court's initial and modified scheduling orders, as it has not served its invalidity contentions on Plaintiff and has generally failed to respond to Plaintiff's communication efforts. The Court therefore finds that good cause exists to strike Defendant's Answer pursuant to both the Federal Rules of Civil Procedure and this Court's Local Rules.

## III. CONCLUSION

For the foregoing reasons, the Court therefore **GRANTS** Plaintiff's Motion and **STRIKES** Defendant's Answer, ECF No. 26. Plaintiff may, within the next fourteen (14) days, move for an entry of default against Defendant. If and when the clerk enters default, Plaintiff may move for an entry of default judgment against Defendant.

IT IS SO ORDERED.